UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ECOFACTOR, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br><br>             Defendant. | Case No. 6:23-cv-00061-KC<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ECOFACTOR, INC.'S MOTION TO RELATE AND REASSIGN CASE**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1

    A. The Present Action Involves Substantially the Same Issues and Evidence as the -69 Case Before Judge Albright and Overlaps Substantially with Other Non-Resideo Cases Before Judge Albright ............................................................................................................... 1

    B. Reassignment Will Promote Efficiency and Consistency by Leveraging Judge Albright's Extenstive Experience Handling Other EcoFactor Cases—Which Includes a Full Trial on the Merits, Four *Markman* Hearings, and Numerous Dispositive Motions ............................................................................................................... 4

III. CONCLUSION .................................................................................................................. 5

**I.     INTRODUCTION**

Over the past three years, Plaintiff EcoFactor, Inc. ("EcoFactor") has brought 16 patent infringement lawsuits in the Western District of Texas, including a prior case against Defendant Resideo Technologies, Inc. ("Resideo"): *EcoFactor, Inc. v. Resideo Technologies, Inc.*, Case No. 6:22-cv-00069-ADA ("the -69 Case"). All of the first 15 actions were assigned to Judge Albright. EcoFactor respectfully submits that the present action is related to, among other cases, EcoFactor's -69 Case against Resideo and requests that it be reassigned to Judge Albright. Given the overlapping subject matter between these actions, as well as Judge Albright's deep experience with the relevant issues, reassignment will promote efficiency and consistency.

**II.    ARGUMENT**

   **A.   The Present Action Involves Substantially the Same Issues and Evidence as the -69 Case Before Judge Albright and Overlaps Substantially with Other Non-Resideo Cases Before Judge Albright**

This action and the -69 Case will involve the same **parties** (EcoFactor and Resideo), the same **accused products** (Resideo smart thermostat systems), much of the same **prior art**, and most if not all of the same **witnesses and documentary evidence**. And besides those compelling facts, the issues of the present action also substantially overlap with those of numerous other EcoFactor cases that were filed in this District and assigned to Judge Albright. In the El Paso Division, a case is related to another when, "it involves substantially the same issue(s) of fact or grows out of the same transaction(s) as that case." *See* El Paso Division Standing Order Relating to Reassignment of Civil Cases. Because these cases are related, reassignment is appropriate. *See also* Amended Order Assignment the Business of the Court (Nov. 15, 2022) at Item XVIII(a) (providing that "any judge may reassign any case, matter or proceeding to another judge by mutual consent"). This Court should not start from scratch with the present action.

EcoFactor has brought 16 patent infringement actions in this District. *See* Ex. A (listing

1

EcoFactor W.D. Tex. cases). All but this one—the 16th action filed—have been assigned to Judge Albright. This includes the -69 Case that EcoFactor filed against Resideo—the same defendant here—on January 18, 2022. *Id.* The -69 Case is scheduled for trial with Judge Albright in September 2023, with fact discovery closing in April 2023 and with Judge Albright having issued a claim construction order in October 2022. *See* -69 Case, Dkt. Nos. 22, 43. Given that Judge Albright will soon be conducting a full jury trial on the merits in a case involving the same parties and substantially the same (if not exactly the same) accused products, prior art, witnesses, and documentary evidence, it is clear that the present action and the -69 Case are related and that reassignment to Judge Albright is warranted.

Rather than disprove these compelling facts, Resideo argues that relation and reassignment would be improper because the patents asserted here (i.e., U.S. Patent No. 7,848,900 ("the '900 patent") and U.S. Patent No. 9,057,649 ("the '649 patent")) have not been asserted in other EcoFactor cases. Dkt. No. 9 at 2. But this Division's definition of a related case does not require that patent numbers be identical across cases. *See* El Paso Division Standing Order Relating to Reassignment of Civil Cases. Resideo's position also ignores the substantial identity of issues of fact across the cases and the clear overlap in subject matter between the two patents asserted here (which share the same specification) and those in other cases before Judge Albright. *See id.*

For example, U.S. Patent No. 10,584,890 (Ex. B, "the '890 patent") asserted in the -69 Case against Resideo names John Steinberg as its inventor, who is also a named inventor on both patents asserted here. All but one figure of the '900 and '649 patents—and nearly all of their associated descriptions—appear with only minimal changes in the '890 patent at issue in the -69 case before Judge Albright. *Compare* Dkt. No. 1-3 at 1:27-2:4, 5:38-7:29, 7:40-8:9, 8:31-13:13, Figs. 1, 2, 4, 5, 6A, 6B, 7A, 7B, 8A, 8B, 9A, 9B, 10A, 10B, 11, 12, 13, *with* Ex. B ('890 patent) at

2

1:28-2:4, 5:21-31, 6:15-44, 6:66-8:33, 8:52-9:23, 23:4-28:9, Figs. 1, 2, 4, 5, 25A, 25B, 26A, 26B, 27A, 27B, 28A, 28B, 29A, 29B, 30, 31, 32); *see also* Ex. C (comparing shared specification of the '900 and '649 patents to that of the '890 patent, with overlap highlighted in yellow, '900-only material in red, '649-only material in blue). Below is a summary of this correspondence:

| Dkt. No. 1-3 ('649 Patent) | Ex. B ('890 Patent) |
|---|---|
| 1:27-2:4 | 1:28-2:4 |
| 5:38-7:29 | 5:21-31, 6:15-44, 6:66-8:33 |
| 7:40-8:9 | 8:52-9:23 |
| 8:31-13:13 | 23:4-28:9 |
| Fig. 1 | Fig. 1 |
| Fig. 2 | Fig. 2 |
| Fig. 4 | Fig. 4 |
| Fig. 5 | Fig. 5 |
| Fig. 6A | Fig. 25A |
| Fig. 6B | Fig. 25B |
| Fig. 7A | Fig. 26A |
| Fig. 7B | Fig. 26B |
| Fig. 8A | Fig. 27A |
| Fig. 8B | Fig. 27B |
| Fig. 9A | Fig. 28A |
| Fig. 9B | Fig. 28B |
| Fig. 10A | Fig. 29A |
| Fig. 10B | Fig. 29B |
| Fig. 11 | Fig. 30 |
| Fig. 12 | Fig. 31 |
| Fig. 13 | Fig. 32 |

Put simply, all but the "Summary of the Invention" of the '900 and '649 specification appears nearly verbatim in the '890 patent asserted in the -69 Case; the '890 patent simply includes additional disclosures on top of those. So while the '890 patent is not the same patent as those asserted here, nearly all of the patented subject matter at issue here also appears in the '890 patent.

As other examples, EcoFactor is presently asserting U.S. Patent No. 8,423,322 ("the '322 patent") and U.S. Patent No. 8,141,497 ("the '497 patent") against other defendants in Case Nos.

3

6:22-cv-00033-ADA and 6:22-cv-00034-ADA, which are scheduled for trial in September 2023 before Judge Albright. Those patents also share the same specification as the '900 and '649 patents asserted here, and all four claim priority to the same Provisional Application No. 60/994,011. *See* Ex. D ('322 patent); Ex. E ('497 patent). Indeed, the '649 patent, for example, explicitly notes that it is a continuation of the '322 patent and thus includes the exact same disclosure. *See* Dkt. No. 1-3 at Cover. Judge Albright already conducted a *Markman* hearing in those cases in November 2022. *See* Ex. F (addressing numerous claim terms appearing in the patent claims at issue here).

As yet another example, Judge Albright completed a full jury trial on the merits—and will soon complete another one—on EcoFactor's U.S. Patent No. 8,738,327 ("the '327 patent"), in a case that was filed over three years ago on January 31, 2020. *See* Ex. A (referencing Case Nos. 6:20-cv-00075-ADA (trial completed in February 2022) and 6:20-cv-00078-ADA (trial scheduled for May 2023)). Like the '900 and '649 patents asserted here, the '327 patent claims priority to the same Provisional Application No. 60/994,011 and largely overlaps in its figures, description, and claim terms. Both cases have involved a multitude of dispositive motions and *Daubert* motions that were decided by Judge Albright and, according to Resideo itself, are relevant to issues in EcoFactor's case against Resideo.

This high degree of overlap between the present action and numerous actions before Judge Albright, including the -69 Case against Resideo, indicates that these cases are related and that reassignment is appropriate.

> **B.      Reassignment Will Promote Efficiency and Consistency by Leveraging Judge Albright's Extensive Experience Handling Other EcoFactor Cases—Which Includes a Full Trial on the Merits, Four *Markman* Hearings, and Numerous Dispositive Motions**

Judge Albright has spent years adjudicating EcoFactor patent infringement disputes, including cases involving patents that are related to and share the same specification as the two

patents at issue here. Resideo's argument against reassignment is that EcoFactor's 15 other cases do not involve the exact same patents asserted here—but they undeniably involve patents that are substantively identical to them. This is not a meaningful distinction when one considers the high degree of waste and risk of inconsistencies that would result from this Court adjudicating the present action in parallel with Judge Albright's handling of six other still-pending EcoFactor cases, including the -69 case against Resideo specifically. Besides having conducted a full jury trial involving the '327 patent (which is related to the patents at issue here), Judge Albright has also conducted four prior *Markman* hearings in EcoFactor cases (including as to patents related to and sharing the same specification as the patents asserted here). Resideo and EcoFactor are also presently raising multiple discovery disputes with Judge Albright that may well be repeated here.

It makes no sense for this Court to begin anew with the parties, technology, and facts relevant here when another judge in this same District has amassed deep knowledge of the same information over a three-year period. Courts routinely relate cases involving common patents and issues for efficiency and consistency. *See, e.g.*, *Ideative Prod. Ventures, Inc. v. Hewlett Packard Co.*, No. 4:14-cv-00021-RC, Dkt. No. 9 (E.D. Tex. Feb. 25, 2014) (Ex. G) (reassigning seven cases filed by the same plaintiff to the same judge as an earlier filed patent case "for coordinated case management in an effort to promote judicial efficiency"); *Fin. Fusion, Inc. v. Ablaise Ltd.*, No. 06-cv-2451, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006) ("Having two different judges govern discovery disputes and construe claims in the same patents would be an unduly burdensome duplication of labor and raise the danger of conflicting results."). Reassigning the present action to Judge Albright will promote judicial efficiency and avoid inconsistent results (e.g., as to claim construction and discovery disputes).

### III.   CONCLUSION

For the foregoing reasons, EcoFactor respectfully requests that the present action be reassigned to Judge Albright of the Waco Division.


Date: February 14, 2023                                   Respectfully submitted,


                                                          /s/ *Reza Mirzaie*
                                                          Reza Mirzaie
                                                          Marc A. Fenster
                                                          Kristopher Davis
                                                          James Pickens
                                                          Minna Chan
                                                          Jonathan Ma
                                                          Jason Wietholter
                                                          **Russ August & Kabat**
                                                          12424 Wilshire Boulevard, 12th Floor
                                                          Los Angeles, CA 90025
                                                          Telephone: (310) 826-7474

                                                          *Attorneys for Plaintiff EcoFactor, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on February 14, 2023, with a copy of this document via the Court's CM/ECF.

*/s/ Kristopher R. Davis*
Kristopher R. Davis
